JOHN J. McCANN *et al.*, Appellants, v. CHARLES H. SAWYER *et al.*, Respondents.

St. Louis Court of Appeals, November 20, 1894.

1. **Real Estate Agents**: AGREEMENT FOR DIVISION OF COMMISSIONS. The defendant, a real estate agent, agreed to divide his commissions on the sale of property in his hands with the plaintiff, if the latter should procure a purchaser. A direct sale of the property was effected by the owner to a purchaser thus procured, but it did not appear that the defendant received or claimed any commissions. *Held*, in an action on the special contract, that the plaintiff was not entitled to recover.

2. **Justices' Courts**: EQUITABLE JURISDICTION. *Held, arguendo,* that equitable rights can not be enforced in an action instituted before a justice of the peace.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*John J. McCann* for appellants.

*J. E.* and *J. F. Merryman* for respondents.

ROMBAUER, P. J.—The plaintiffs sued the defendants before a justice of the peace on the following account comprising their cause of action:

"ST. LOUIS, September 15, 1893.

"Charles H. Sawyer and Theodore De Forrest, composing the firm of Sawyer and De Forrest    *    *    *

Dr. to John J. McCann and James W. Evans, composing the firm of McCann and Evans Realty Company.

"September 15. To one-half of two and one-half per cent. commission on sale of real estate city block No. 4875, containing house No. 4135, Washington avenue, and lot forty-nine feet by one hundred and fifty feet, from G. M. Doggett and husband to Blanke, for $13,750 . . . . . . . . . . . . $171.87."

The plaintiffs recovered a judgment before the justice, but on trial *de novo* in the circuit court by the court without a jury the defendant recovered judgment. Hence the appeal. No formal errors are assigned in this court, but we gather from the plaintiffs' motion for new trial, and the brief filed on their behalf here, that they complain that the court did not render judgment in their favor, as there was no substantial conflict in the evidence.

It appeared that the plaintiffs and defendants were real estate agents. Doggett and wife owned the property described in the account, and placed it in the hands of defendants for sale. The usual commission on such sales is two and one-half per cent. on the amount realized. The defendants told the plaintiffs that, if the latter would sell the property, they would divide commissions with them. The plaintiffs thereupon procured one Blanke to make an offer of $14,000 for the property, which was declined by the Doggetts when made. Several months thereafter the Doggetts sold the property to Blanke for a nominal consideration of $16,000, but for an actual cash consideration of $13,750. There was no evidence offered by the plaintiffs that the defendants ever claimed any commission on account of this sale, or that they ever received any. The defendants testified that their agency was terminated some time before the sale was made, and

that they never claimed or received any commissions. The testimony of Doggett was to the same effect. The plaintiffs asked no instructions and the court gave none.

Even if we could assume in an action at law that the trier of the facts was bound to give credence to the uncontradicted evidence of the plaintiffs, yet we would not be warranted in interfering with the judgment rendered. The plaintiffs do not sue for the value of their services, but upon a special contract that the defendants would divide with them the commissions they received. As there was no evidence in the case that the defendants claimed or received any commissions, there was nothing to divide under the express contract sued upon. If there was any collusion between Doggett and the defendants for the purpose of defeating the plaintiff's recovery, which is intimated in the brief, such collusion was fraudulent against the plaintiffs and they have their remedy in an appropriate proceeding. If the facts are such as would entitle them to partial subrogation to the defendant's claims against Doggett, the plaintiffs may still assert that right of subrogation is an appropriate proceeding.

A justice of the peace, however, is not the proper tribunal in which to assert equitable rights (*Hicks v. Martin*, 25 Mo. App. 359), and the jurisdiction of the circuit court on appeal from a justice is in that respect no greater than that of the justice.

Judgment affirmed. All concur.