70 153
71 475

JOHN W. SOUTHEY ET AL. *vs.* JOSEPH M. DOWLING ET AL.

Third Judicial District, Bridgeport, Oct. Term, 1897. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action to recover the balance of the contract price for stone fur-
nished, the defendants answered that they had been obliged to pay
freight on the stone and also had been compelled to have a portion
of the stone recut; and the parties were at issue as to how much
was paid by the defendants for freight and what, if anything, was
paid for recutting the stone. *Held* that under our present system
of pleading the defendants could not avail themselves of the defense
that the suit was prematurely brought; that such a defense was
consistent with the truth of the material allegations of the com-
plaint, and should have been pleaded in some form by the defend-
ants if they intended to prove it.

Whether such a defense should be set up by way of a plea in abatement
or by way of answer, *quære.*

[Argued October 28th, 1897—decided January 5th, 1898.]

ACTION to recover a balance claimed to be due for stone
furnished, brought to the Superior Court in Fairfield County
and tried to the court, *George W. Wheeler, J.;* facts found
and judgment rendered for the plaintiffs, and appeal by the
defendants for alleged errors in the rulings of the court.
*No error.*

The complaint contained two counts. The first count
alleged in substance: (1) that in May, 1895, the plaintiffs
contracted with the defendants to furnish them with stone
for use at Portchester, New York, as set forth in the bill of
particulars filed under this count; (2) that the defendants
agreed to pay for said stone $7,067; (3) that the plaintiffs

furnished said stone as agreed; and (4) that the defendants had paid the plaintiffs $6,300 on account, but had refused to pay the balance.

The second count alleged that during the time the plaintiffs were furnishing stone as set forth in the first count, the defendants requested them to supply certain extra stone over and above the quantity described in the first count; and that the plaintiffs had furnished said extra stone to the amount of $915. An itemized bill of particulars was filed under this count.

The defendants filed the following answer:

### " *First defense to first count.*

"1. Paragraphs 1, 2, 3 and 4 of the first count are denied, except as hereinafter admitted. 2. On or about May 11th, 1895, the plaintiffs contracted with the defendants to furnish the defendants with cut stone for use at Portchester, New York, for certain jobs taken by defendants, known as the 'Park Jobs.' 3. The defendants agreed to pay for said stone the sum of seven thousand and sixty-seven ($7,067) dollars, delivered f. o. b. at Portchester, N. Y. 4. The plaintiffs delivered said stone upon the cars at Portchester, but did not pay the freight thereon amounting to $430.18, which the defendants were obliged to pay; and a portion of said stone was not cut as agreed, and the defendants were obliged to have the same recut at a cost of $81.34.

### " *First defense to second count.*

"1. All the allegations of the second count are denied, except as hereinafter admitted. 2. From time to time during the period in which the defendants were engaged upon the said jobs, they requested the plaintiffs to supply certain extra stone necessary for the completion of the various buildings, over and above the amount called for by the contract set out in the first defense to the first count. 3. The plaintiffs furnished stone as requested, to the amount of $223; the same being the item set forth in plaintiffs' bill of particulars in the second count, except items Nos. 1, 8, 9, 13 and

14 of said bill of particulars, which the plaintiffs did not furnish to the defendants.

" *The defendants' second defense to first and second count, by way of set-off and counterclaim.*

"1. All the allegations of the first defense to the first count, and of the first defense to the second count, are made part of this defense.   2. The defendants claim an offset of the said sums of $81.34 and $430.18, paid by them as alleged in said first defense to the first count."

The plaintiff replied as follows :

" *To the first defense to the first count.*

"1. Paragraphs 2 and 3 of the defendants' first defense to the first count are admitted.   2. Paragraph 4 is denied, except as hereinafter admitted : the defendants paid freight charges for the plaintiffs, as alleged, but to what amount, the plaintiffs have not sufficient knowledge to form a belief.

" *To the second defense to the first and second counts, by way of counterclaim and set-off.*

"1. Paragraph 2 of the defendants' second defense to the first and second counts, is denied, except in this : that concerning the item of $430.18 by way of counterclaim, the plaintiffs have not sufficient knowledge thereof to form a belief."

That part of the finding which relates to the rulings complained of, is as follows :   "Upon the trial the defendants offered to prove, and did lay in evidence the testimony of the defendant Charles Bottomley, that the agreement between the parties was that 20% of the price agreed upon for the stone furnished, was to be retained until such time as the building was accepted by the architect ; and, in connection with this testimony, offered to prove that the building was not accepted by the architect until after this action was begun, and that the plaintiffs were notified of the fact that the building was not accepted at the time this suit was be-

gun. In this connection the paper marked Exhibit 1*, for identification, was offered in evidence. The purpose of the offers was to prove that the suit was begun prematurely, and that nothing was due under the first count at the time the suit was begun. To these offers the plaintiffs objected, because the evidence, for such a purpose, was not admissible under the pleading ; they had had no notice that this defense would be made and no opportunity to meet such a defense. The court ruled that all that transpired between the parties was admissible in evidence, but that the offer to prove the suit was prematurely brought was not admissible as a defense under the pleadings, and excluded the offers and Exhibit 1, for identification, for such a purpose, and the defendants duly excepted to the ruling. The above offer related exclusively to the first count."

The errors assigned relate solely to the rulings as above stated.

*Daniel Davenport*, for the appellants (defendants).

*John W. Banks*, with whom was *William T. Hincks*, for the appellees (plaintiffs).

TORRANCE, J. The question upon this appeal is whether, under the pleadings in this case, the defendants could avail themselves of the fact that the action was prematurely brought. At common law, matter of this kind, not appearing upon the face of the pleadings, was clearly matter in abatement. Matter which merely defeats the *present* proceeding and does not show that the plaintiff is *forever* con-

---

*DOWLING & BOTTOMLEY,
Masons, Builders and Contractors,
    Office, 7 Wall Street.

BRIDGEPORT, CONN., Oct. 31, 1895.

Received of Dowling & Bottomley, note for seven hundred dollars to apply on contract for stone purchased for Park Job Purchase, said note to be renewed until such time as work is accepted by architect, interest on note to be paid by J. Southey & Son.

J. W. SOUTHEY & SON.

cluded, should in general be pleaded in abatement. 1 Chitty's Pl. 446; 1 Swift's Dig. s. p. 606. The proceedings will abate "if it appear that the suit was commenced before the cause of action had accrued." 1 Swift's Dig. s. p. 610; 1 Chitty's Pl. 453; Gould's Pl. Chap. V. § 138.

It was, however, unusual to plead such matter in abatement, because if it appeared upon the face of the pleadings it could be taken advantage of by demurrer, and if it appeared by the plaintiffs' evidence it was ground for a nonsuit. 1 Chitty Pl. 453; Gould's Pl. Chap. V. §§ 137, 138. Whether under the later practice at common law, under the general issue in an action of assumpsit, the defendant could offer evidence to show that the suit had been prematurely brought, is not perhaps quite clear. Under the issues of "*non assumpsit*" and "*nil debet,*" proof of almost every defense that would defeat the action was admissible. JUDGE SWIFT says : "In assumpsit, everything that proved there was no right or debt when the action was commenced, might be given in evidence under the general issue, for they were consistent with that plea." 1 Swift Dig. s. p. 614. In another place, p. 705, he says : "Every special matter of defense may be given in evidence under the general issue, excepting alienage after suit brought, tender, and the statute of limitations."

It is upon statements of this kind, in text books and reports, that counsel for the defendants seem to rely in support of their claim upon this appeal; but the question here is not whether at common law the offered evidence would have been admissible under the general issue, but whether under our present system such evidence was admissible under the pleadings in this case ; and we are of opinion that it was not.

Under that system of pleading the defendant, in his answer, is required to state special matters of defense, and is not permitted to "give in evidence matter in avoidance, or of defense, consistent with the truth of the material allegations of the complaint, unless in his answer he states such matter specially." General Statutes, § 874. The rules un-

Southey et al. *v*. Dowling et al.

der the Practice Act (Rule IV. § 6) also, provide as follows : " No facts can be proved under either a general or special denial, except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements, but show, notwithstanding, that he has no cause of action, must be specially alleged."

Under the pleadings in this case, leaving out of view the answer of set-off and counterclaim, the issues were, in effect: (1) how much have the defendants paid for freight; (2) what sum, if any, have the defendants paid for recutting stone ; (3) what is the correct amount due for extra stone furnished. The defense that the suit had been prematurely brought, was clearly not within the issues. Whether, if the defendants had desired to make that defense, they should have set it up in a plea in abatement or in an answer, is a question which we need not discuss nor decide now; for it was not stated nor set up either by plea or answer. Clearly it was " matter in avoidance, or of defense, consistent with the truth of the material allegations of the complaint," within the meaning of the statute and the rule, and it was not stated at all. To allow the defendants, under these pleadings, to avail themselves of a defense of this kind, would be contrary both to the letter and the spirit of our present system of pleading.

Under systems of pleading in other States, substantially similar to our own, it has been, so far as we know, uniformly held that a defense of this kind, which the defendant attempts to prove by evidence, is not available to him, unless he has in some way set it up in his pleading. *Goodrich* v. *Atlanta B. & L. Asso.*, 96 Ga. 803 ; *Collette* v. *Weed*, 68 Wis. 428 ; *Iselin* v. *Simon*, 62 Minn. 128 ; *Elder* v. *Rourke*, 27 Or. 363 ; Pomeroy's Rem. & Remedial Rights, §§ 673, 691, 698 ; 1 Ency. Pl. & Pr. pp. 839, 849, and cases there cited.

There is no error.

In this opinion the other judges concurred.