Giles *et al.* v. Wilmott—Syllabus.

---

JAMES L. GILES AND CHARLES F. MCQUAIG, *Plaintiffs in Error,* v. J. W. WILMOTT, *Defendant in Error.*

PREMATURE ACTION — REAL ESTATE BROKERS COMMIS-
    SIONS—WHEN RIGHT OF ACTION FOR ACCRUES.

1.  In ordinary actions commenced by summons the plaintiff, in order to succeed, must show that his right of action was complete at the time the action was commenced.

2.  In order to entitle a broker to recover from another on an agreement of the latter to divide with him the commission on the sale of certain property, the commission must have been actually received by the broker whom it is sought to charge with liability.

This case was decided by Division B.

Writ of error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*Beggs & Palmer* and *LeRoy B. Giles,* for Plaintiffs in Error;

*Jones & Jones* and *A. Johnson,* for Defendant in Error.

TAYLOR, J.—The defendant in error on the 25th day of April, 1903, sued the plaintiffs in error in the Circuit Court of Orange County in an action of assumpsit on special contract. The declaration alleged in substance that the defendants were real estate brokers and contracted with him to pay him one half of all commissions that they might get from sales of land made by them to any person or persons whom the plaintiff might introduce to them, and for his aid and assistance in making any such sale; that in compliance with this agreement the plaintiff did introduce to the defendants a party who became a purchaser from them of 67,000 acres of land lying in the counties of Orange and Osceola, and that said sale was consummated through the joint exertions of the plaintiff and the defendants in the month of April, 1903; that the owner or vendor of said land allowed said defendants whose brokers and agents they were the sum of $3,000.00 as commission for such sale, and that said owner or vendor paid said sum to one I. W. C. Parker as the agent of the defendant, and that by reason of the said agreement between plaintiff and defendants the plaintiff's interest in the said commission is $1,500, and that the defendants owe the sum to the plaintiff, but refuse to pay the same. The trial of the case resulted in a verdict and judgment in favor of the plaintiff below and the defendants below bring such judgment here for review by writ of error.

Among other pleas the defendants plead in abatement of said suit as follows: "And for fourth plea in this behalf defendants say that the plaintiff ought not to further maintain his suit because they say that the alleged cause of action is for a share in commissions alleged to have been allowed and paid the defendants by the owners of certain lands mentioned in said declaration for the sale of said land, and to have been paid by I. W. C. Parker as agent for this defendant and the defendant J. L. Giles which share in commissions it is alleged the defendants promised to pay to the plaintiff; that at the time of the commencement of this suit the said supposed payments were not due to the defendants, and the plaintiff's right of action, if any he had, had not matured; that the said suit was commenced on the 25th day of April, 1903; that no money had been paid to the said I. W. C. Parker by the said owner of the real estate mentioned in the said declaration for any purpose whatsoever prior to the 4th day of May, 1903, long after the commencement of this suit; that if the said I. W. C. Parker received from the owner of the said land any money for this defendant and the defendant J. L. Giles it was received long after the commencement of this suit; and that the suit was brought long prior to any right of action which the plaintiff might have against these defendants, and this the defendants are ready to verify, wherefore defendants pray that this suit shall abate."

To this plea the plaintiff below demurred, and this demurrer was sustained by the court below and this ruling is assigned as error. The court below erred in this ruling. The plea sets up explicitly that at the date of the institution of this suit no commissions for the sale of said land were either due to the defendants nor had any commissions been then paid to them, and that conse-

18—Vol. 59.

quently the said suit of the plaintiff had been prematurely instituted. The demurrer admits all the facts set up in the plea, and if it be true, as alleged in such plea, that at the date of the institution of the plaintiff's suit no commissions were either due to the defendants or had been paid to them, then, at that date, no share in said commissions could have been due to the plaintiff, and, therefore, his said action was, as contended in said plea, prematurely brought.

In ordinary actions commenced by summons the plaintiff, in order to succeed, must show that his right of action was complete at the time the action was commenced. 1 Cyc. 744, 745; Titus v. Gunn, 69 N. J. L. 410, 55 Atl. Rep. 735. In order to entitle a broker to recover from another broker on an agreement of the latter to divide with him the commission on the sale of certain property, the commission must have been actually received by the broker whom it is sought to charge with liability. 23 Am. & Eng. Ency. Law, p. 930.

As this disposes of the entire case it becomes unnecessary to consider the thirty-eight other assignments of error made in the case. The judgment of the court below in said cause is hereby reversed at the cost of the defendant in error.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.

Petition for rehearing in this case denied.