MICHAEL LIBRETTO *vs.* FERDINANDO SERIFINI.

First Judicial District, Hartford, January Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Under our present system of pleading and rules of practice (General Statutes, § 609, Practice Book, p. 250, § 160), a defense that the suit when brought was premature, must be raised by a plea of some kind, otherwise it is not open to the defendant to urge that objection.

Argued January 3d—decided January 22d, 1918.

ACTION to recover for services as a real-estate broker in procuring a purchaser of the defendant's property, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiff for $725, and appeal by the defendant. *No error.*

The complaint, seeking recovery of the reasonable worth of services rendered, alleges that the plaintiff, a real-estate broker, was employed by the defendant at a reasonable compensation to procure a purchaser of a saloon business owned and conducted by the latter,

and that the plaintiff did procure such purchaser, to whom the business was sold. The answer, putting at issue all the allegations of the complaint, contained a special defense, that the services were rendered under an agreement that the plaintiff's commission should be $200. The court found in accordance with the allegations of the complaint, and rendered judgment for the reasonable worth of the plaintiff's services.

The court's conclusion that the plaintiff had fulfilled the conditions of his employment is founded upon the following subordinate facts: The plaintiff brought to the defendant a prospective purchaser. The two agreed upon terms of sale mutually satisfactory. They committed this agreement to writing and signed it. By its terms $300 was to be paid down by the purchaser, and such payment was made. The balance of the purchase price was to be paid when the license under which the saloon operated was transferred. It was stipulated that the plaintiff should forthwith make application for such transfer, and that if the county commissioners should refuse to grant one, then the agreement should be null and void and the $300 refunded. The license was transferred on the day following the beginning of the action, and on that day the transaction was consummated.

*Joseph H. Lawler,* with whom was *Francis P. Rohrmayer,* for the appellant (defendant).

*John W. Coogan* and *Francis J. Conti,* for the appellee (plaintiff).

PER CURIAM. It is not denied on the defendant's behalf that upon the facts found the plaintiff is entitled to recover from him the amount for which judgment was rendered against him. The only error assigned in the reasons of appeal is the failure of the court to hold that

the action was prematurely brought and to dismiss it for that cause. That assignment of error, purely technical and unrelated to the substantial rights of the parties, is sufficiently met by the statement that it is not one which our rules of practice entitle him to pursue, since he did not plead nonmaturity of the cause of action either in abatement or in bar. His only pleading was by way of answer, confined to denial and a special defense asserting that the plaintiff's employment was for a stipulated price. *Southey* v. *Dowling*, 70 Conn. 153, 157, 39 Atl. 113; General Statutes, § 609; Rules of Practice (1908) p. 250, § 160.

There is no error.