62 P.(2d) 810

**REAGAN et al. v. DOUGHERTY.**

No. 4144.

Supreme Court of New Mexico.

Sept. 29, 1936.

Rehearing Denied Dec. 7, 1936.

James A. Hall and Carl A. Hatch, both of Clovis, for appellant.

Mayes & Rowley, of Clovis, for appellees.

BRICE, Justice.

From a judgment for $1,300 in favor of appellees (plaintiffs below) in a suit against appellant (defendant below) to recover a commission for the sale of real estate, this appeal has been prosecuted.

The appellant saved no record in the district court upon which to base an appeal; requested neither findings of fact nor conclusions of law; and does not contend fundamental error was committed by the trial court.

The district court made findings of fact, which, together with the admitted facts, amply support the judgment. No objection thereto was made, nor any exception taken.

We have often decided that under such a state of the record no relief can be granted here.

The judgment of the district court will be affirmed.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.

On Motion for Rehearing.

BRICE, Justice.

The record does not show the witness Shambaugh to be "a real party in interest," as appellant contends on motion for rehearing. Assuming that this court is not bound by the answer, which admits, and the findings of the court which in effect state, that appellees are the real parties in interest; the evidence of Shambaugh, upon which appellant relies, shows clearly that he is not. This testimony is as follows:

"Q. I believe you say you were not a partner in the business at that time, Mr. Shambaugh? A. No, sir.

"Q. You have no interest in this contract? A. I beg your pardon, I have an interest.

"Q. You have an interest now? A. Yes sir, I have a seventh interest in this contract, which I had at the time the contract was made.

"Q. You had a one-seventh interest at the time? A. Yes sir. At the time this contract was made I had come back from California and was working under the same proposition that Mr. Dougherty had or claims to have been working under. I was bringing customers to the office and they were splitting the commission with me, and I was getting half of anyone I brought in."

Assuming the truth of this testimony and giving appellant credit for all reasonable inferences that can be drawn therefrom, it appears that Shambaugh was not connected with the partnership at the time of appellees' employment; that he had no privity of contract with appellant, then or thereafter. He did have an agreement with appellees whereby they were to "split commissions" with him on all sales of land to customers whom he should furnish, but this gave no enforceable right against appellant even though he furnished appellant to appellees as a customer.

Tests to determine if one is "a real party in interest" is whether he is the owner of the right sought to be enforced (Whiteman v. Taber, 205 Ala. 319, 87 So. 353), or whether he is in a position to re-lease and discharge the defendant from the liability upon which the action is grounded. Broderick v. Puget Sound, etc., Co., 86 Wash. 399, 150 P. 616.

The relation between a broker and a principal is one of trust and confidence in which the broker's skill and ability are considerations for his selection. The authority conferred upon him is personal, and was not, and could not be, delegated. There is no privity of contract between the principal and a sub-agent employed by a broker unless such employment was at the direction of, or authorized by, the principal. Craig v. Parsons, 22 N.M. 293, 161 P. 1117; Jackson v. Brower, 22 N.M. 615, 167 P. 6; Groscup v. Downey, 105 Md. 273, 65 A. 930; Sims v. St. John, 105 Ark. 680, 152 S.W. 284, 43 L.R.A.(N.S.) 796 and note; 2 Mechem On Agency, § 2399, 1 Id. § 307; 4 R.C.L., title Brokers, § 13; 9 C.J. title Brokers, § 82; Watkins Land Mortg. Co. v. Thetford, 43 Tex.Civ.App. 536, 96 S.W. 72; Mueller et al. v. Bell et al. (Tex.Civ.App.) 117 S.W. 993; Sterling v. De Laune, 47 Tex.Civ.App. 470, 105 S.W. 1169.

Shambaugh occupied the same relation toward the appellees as the appellees occupied towards appellant. His claim is against appellees, enforceable only if and when commissions are collected. It follows that Shambaugh was not a real party in interest nor even a proper party to this suit.

Whether considering the question of what was a reasonable time within which appellant should have complied with his

contract as one of law or fact, the ruling of the court was correct.

The motion for rehearing will be denied.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

ZINN, J., did not participate.