MAURICE S. SHEKETOFF *v.* VAL PREVEDINE ET AL.

MALTBIE. C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued January 9—decided February 11, 1947

*George G. Whitehead* and *Joseph J. McGuinness,* for the appellants (defendants).

*William M. Greenstein,* with whom were *Salvator D'Esopo* and, on the brief, *Jacob I. Suisman,* for the appellee (plaintiff).

BROWN, J. The plaintiff brought this action to recover of the two defendants one-third of the commission due them from the owner for selling her real estate in Hartford. Judgment was rendered for the plaintiff and the defendants have appealed. The complaint alleges these material facts: The plaintiff was engaged in the real estate business and prior to March 29, 1946, he was employed by Flora Tishler to sell her property on High Street in Hartford. The plaintiff told the defendants of his employment to sell the Tishler property and they agreed with him that each would make efforts to sell it, and in consideration of the information furnished to the defendants by the plaintiff they agreed with him "that all three would share the commission earned for the sale of the said premises." On March 29, 1946, the premises were sold by the defendants to Miloye M. Sokitch. The plaintiff "demanded that the defendants pay him said one third of the commission in accordance with said agreement, but the defendants have refused and still refuse to pay the same." The defendants' answer was a general denial.

The finding shows these facts which are not disputed: The plaintiff and the two defendants are real estate agents. Flora Tishler was the owner of the Garfield Inn in Hartford which she engaged the plaintiff and later also the defendants to sell.

The defendants agreed with the plaintiff to work together on said sale and divide the commission equally among the three of them. The defendants secured Sokitch as a purchaser and on March 29, 1946, Flora Tishler and he executed a contract for the sale of the premises. Immediately after this contract was executed the defendants denied the plaintiff's right to participate in the commission earned, whereupon, on the same day, the plaintiff instituted this action. On March 29, 1946, no sum or commission had been paid by the seller to either the plaintiff or the defendants, nor had a warranty deed been executed.

The court concluded that the commission was earned when the contract of sale was executed; that, although this commission had not been paid by the seller, a debt became due from the defendants to the plaintiff for his share of it; and that judgment should be rendered for the plaintiff to recover of the defendants one-third of the gross commission without any deduction for expenses. The defendants made these claims of law: (1) There having been no repudiation of the contract of sale by either seller or buyer, and no time specified for the payment of the commission, it is implied that the commission is not payable until the consummation of the sale and the passing of title. (2) No debt for a division of the commission had come into being on March 29, 1946, because none of the parties had received payment of the commission from the seller. (3) The plaintiff was not entitled to receive a share of the commission from the defendants when the commission had not been received from the seller and the expenses had not been paid. (4) The action

was prematurely brought. (5) Judgment should be rendered for the defendants.

Whether the lack of a finding that the plaintiff performed his part of the agreement and that this agreement was to divide the gross rather than the net commission leaves the court's judgment without essential support, it is unnecessary to discuss, for, this question aside, the validity of the judgment for the plaintiff depends upon the meaning which is to be accorded the parties' agreement to "divide the commission equally among the three of them." This is necessarily so because, as appears from the court's terse finding, the parties having agreed to work together as real estate agents to further their common purpose of selling this property, the words quoted constitute the sole provision which they made for determining the right of each to share in any commission realized should their efforts prove successful. It is evident that in the absence of a sum realized as commission, paid by the owner, there was nothing upon which the agreement to "divide" could operate. It is therefore apparent from the finding that under their arrangement the remuneration of each of the three was to be contingent upon the payment of the commission by the owner, and that this was what the parties must have had in mind in making their agreement. Attributing to the words "divide the commission" their natural meaning under the circumstances, they do not refer to the division of a right in the defendants to collect a commission from the owner at some future time but rather to the division of a sum which has already been received from her and is so available for such division.

From what we have said it follows that the receipt

of the commission by the defendants was a condition precedent to their liability under the agreement. Restatement, 1 Contracts § 250. See *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 649, 139 A. 106. "As a general rule, conditions which are either expressed or implied in fact must be exactly fulfilled or no liability can arise on the promise which such conditions qualify. The reason for this is obvious. The promisor can only be held liable according to the terms of the promise which he makes. . . . The condition is part of his promise qualifying and limiting it, and his promise, as matter of plain fact, is not broken until the condition has happened or has been performed." 3 Williston, Contracts (Rev. Ed.) § 675. So in this case, since no commission had been received by the defendants, the condition precedent to their liability had not been met, and the plaintiff was therefore not entitled to recover.

In such a case the doctrine of anticipatory breach urged by the plaintiff in argument cannot avail to support the judgment in his favor. Even if the complaint affords a basis for a recovery for an anticipatory breach, upon the facts found nothing further remained to be done under the contract except for the defendants to pay to the plaintiff his share of the commission when it was received. That is, the contract had become in fact unilateral. In such a situation, where the contract is not executory on the part of the party asserting a right to damages for a breach, the doctrine of anticipatory breach does not apply. *In re Edgewood Park Junior College, Inc.,* 123 Conn. 74, 77, 192 A. 561; *Sagamore Corporation* v. *Willcutt,* 120 Conn. 315, 318, 180 A. 464; Restatement, 1 Contracts § 318, and

Conn. Annot. § 318; 5 Williston, Contracts (Rev. Ed.) § 1329 at p. 3735, § 1328 at p. 3734, § 1319 at p. 3719; 12 Am. Jur. 973, § 394. The plaintiff further claims that on the pleadings the judgment should stand because "a defense that the suit when brought was premature, must be raised by a plea of some kind, otherwise it is not open to the defendant to urge that objection" (quoted from the headnote in *Libretto* v. *Serifini,* 92 Conn. 380, 102 A. 767). It is true that the defendants' answer, limited to a general denial, was insufficient to permit them to prevail on the ground that the plaintiff's action was prematurely brought. Nothwithstanding, by reason of the nature of the contract as above explained, the court was in error in giving judgment upon the basis of the conclusions which it reached.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.