[Civ. No. 19161.   First Dist., Div. Two.   Feb. 3, 1961.]

BURTON C. SMITH et al., Appellants, v. HAL WRIGHT et al., Respondents.

Breed, Robinson & Stewart for Appellants.

Cooley, Crowley, Gaither, Godward, Castro & Huddleson and Thomas A. H. Hartwell for Respondents.

DRAPER, J.—This is an action by real estate brokers against other brokers and a property owner to recover commission claimed due. Demurrer of defendant brokers to the first amended complaint was sustained without leave to amend. Plaintiffs appeal from the judgment which followed.

The basic allegations are that defendant owner, by written

agreement, granted to defendant brokers the exclusive right to sell his ranch property for $560,000, 29 per cent down, balance "to be arranged," and to pay commission of 10 per cent of the selling price "if the same were sold, or if a purchaser were procured or obtained" by defendant brokers or any other licensed broker. It is also alleged that defendant brokers agreed in writing to pay plaintiffs "one-third of the total commission" if plaintiffs produced such a buyer, that plaintiffs did produce a buyer, and that defendant owner refused to "discuss or negotiate the terms and conditions of sale" and refused to sell.

The amended complaint is in four counts. The first and fourth allege that defendant brokers are made defendants only because they decline to join as plaintiffs. These counts seek recovery of $56,000 from the owner, one-third to be paid to plaintiffs and two-thirds to defendant brokers. The second and third counts seek recovery only from defendant brokers upon the theory that they owe plaintiffs one-third of the commission which should have been paid, even though admittedly no payment has been made to them.

It is obvious that a broker's right to commission is measured by the terms of his contract (*Ridgway* v. *Chase,* 122 Cal.App.2d 840, 847 [265 P.2d 603]). Thus the sufficiency of counts 2 and 3 depends on whether they adequately allege that defendant brokers agreed to pay plaintiffs a determinable amount to be deemed earned even if no commission were ever paid, rather than to share with plaintiff a commission actually paid to defendant brokers. Since such an agreement between brokers would be rare, if not unique, we look to the detailed allegations to determine whether such a contract is alleged.

Count 2 of the original complaint alleged that the owner agreed to pay defendant brokers "a commission of 10% of the selling price if the same were sold," and that defendant brokers had agreed to pay plaintiffs one-third of such commission. Demurrer was sustained by stipulation, and in the present amended complaint, plaintiffs allege that the owner agreed to pay "a commission of 10% of the selling price if a purchaser were obtained or procured," and that defendant brokers had agreed to pay plaintiffs "one-third of said commission in the event plaintiffs could procure or obtain a purchaser."

In the light of plaintiffs' concession that no sales price was ever paid to owner, and no commission ever paid to defendant brokers, it is apparent that these allegations fall far short ot

asserting a present indebtedness of defendant brokers to plaintiffs. Plaintiffs' best effort to meet the issue raised by the earlier demurrer still carefully avoids alleging that defendant brokers agreed to pay them a third of an unpaid commission upon a sale never made. If the facts warranted, it is plain that plaintiffs could readily allege that defendant brokers agreed to pay $18,667 whether or not they received any payment from the owner. The briefs as a whole convince us that this allegation cannot be made. There is no suggestion that defendant brokers in any way participated in or contributed to the owner's refusal to perform. Thus the demurrer to the second count was properly sustained.

■ The third count alleges the agreements as "representations," and asserts that they were false and were made to deceive plaintiffs. But since plaintiffs could not recover if the "representations" were completely true, the mere general allegation that they were fraudulently made shows no injury. The ruling as to count 3 thus was correct.

■ However, as to the first and fourth counts, the demurrer should have been overruled. The owner has not appeared in the action, and the complaint appears to allege enough to indicate his agreement to pay a commission if a buyer were procured; the procurement of such a purchaser; and prevention by him of the sale upon which the commission was to be based. While these allegations may be subject to demurrer by the owner, they allege at least enough to indicate that the complaint may be amended to allege a contract sufficiently definite for enforcement (see *Collins* v. *Vickter Manor, Inc.*, 47 Cal.2d 875 [306 P.2d 783]). Thus denial of leave to amend was error (39 Cal.Jur.2d, Pleading, § 168, p. 244).

■■■ Since the action against the owner is based upon his original agreement in favor of defendant brokers, it follows that the latter are proper parties in counts 1 and 4 (Code Civ. Proc., § 382). They may be indispensable or necessary parties (Code Civ. Proc., § 389; see also *Miracle Adhesives* v. *Peninsula Tile Contractors Assn.*, 157 Cal.App.2d 591 [321 P.2d 482]), whose dismissal would unnecessarily hamper plaintiffs. It is difficult to see how defendant brokers can be prejudiced by an action which seeks to recover for them a major share of the alleged commission.

Judgment affirmed as to counts 2 and 3, but reversed as to counts 1 and 4. Each party to bear own costs on appeal.

Kaufman, P. J., and Shoemaker, J., concurred.