[Civ. No. 6524.   Fourth Dist.   May 12, 1961.]

ALFRED SIGMUND OLSEN et al., Appellants, v. JOHN SPOMER et al., Defendants; E. A. STROUT WESTERN REALTY AGENCY, INC., Respondent.

W. A. Bloyd for Appellants.

Milton Zerin for Respondent.

COUGHLIN, J.—This is an appeal from a judgment in an action upon a contract between real estate agents respecting the division of a commission.

The defendant and respondent, E. A. Strout Western Realty Agency, Inc., a corporation, sued as Strout Realty, was a licensed real estate agent holding a valid and enforceable listing agreement from a prospective seller by the name of Rose, which provided for the payment of a $5,000 commission; the plaintiffs and appellants, Olsen and Tyler, also were real estate agents; and between them it was agreed orally that the plaintiffs would cooperate with the defendant in obtaining a purchaser of the property listed by Rose, and would receive a share of the commission derived from a sale to a purchaser produced by them, although the extent of that share was not then agreed upon. Thereafter, the plaintiffs produced a buyer who agreed to buy the property in question upon the terms prescribed; and executed escrow instructions accordingly; but the prospective seller, Rose, refused to proceed with the sale. In the interim, and immediately prior to the time when the proposed buyer made his offer to purchase, it was agreed that the commission should be "split" as follows: $1,500 to the plaintiff Tyler, $1,500 to the plaintiff Olsen and $2,000 to the defendant Strout Realty. In due course, the defendant made a demand upon its client Rose for the full $5,000 commission. Rose refused to comply with this demand; employed an attorney to represent him; and indicated his intention to resist any proceeding to force him to sell or to pay the commission, but offered to compromise the commission claim for $2,500 providing releases were obtained from all parties, including the prospective purchaser. The defendant recommended that the plaintiffs accept this compromise; the plaintiffs rejected this recommendation; urged the defendant to sue Rose for the full commission; and offered to pay their share of the expense of such a suit; but the defendant refused to sue. Subsequently, Rose withdrew his offer of compromise and no part of the commission has been paid.

The plaintiffs brought this action against the defendant, alleging common counts for services rendered, to recover $3,000, viz., $1,500 for each plaintiff. The trial court found the facts to be as related above and concluded that, under the agreement in question, the plaintiffs were entitled to share only in a commission actually received by the defendant.

Judgment in favor of the defendant followed. The plaintiffs appeal, contending that the defendants not only agreed to "split" the commission received from the sale of the listed property to a purchaser procured by them, but also agreed to sue the prospective seller for the commission in the event he failed to pay the same.

The determination of the trial court, that the plaintiffs were entitled to share only in a commission actually received by the defendant, is fully supported by the evidence and the law in the premises. The court found that the plaintiffs agreed to cooperate with the defendant to produce a purchaser for the listed property, and the defendant "agreed with the plaintiffs that the commission received would be divided if plaintiffs would produce the buyer." ■ A broker's right to a commission is measured by the terms of his agreement (*Ridgway* v. *Chase,* 122 Cal.App.2d 840, 847 [265 P.2d 603]); and until the conditions precedent to payment of that commission, as prescribed by that agreement, have occurred he is not entitled to recover. (*Ridgway* v. *Chase, supra,* 122 Cal.App. 2d 840, 847; *Denbo* v. *Weston Investment Co.,* 112 Cal.App.2d 153, 157 [245 P.2d 650].) ■ In the instant case, one of these conditions precedent, viz., the existence of a commission, has not occurred; and, therefore, the plaintiffs are not entitled to judgment. The recent decision in *Smith* v. *Wright,* 188 Cal.App.2d 790, 792 [10 Cal.Rptr. 675], is directly in point and supports this conclusion. Also supportive are the following cases from other jurisdictions: *Sheketoff* v. *Prevedine,* 133 Conn. 389 [51 A.2d 922]; *Giles* v. *Wilmott,* 59 Fla. 271 [52 So. 287]; *McCann* v. *Sawyer,* 59 Mo.App. 480; *Reagan* v. *Dougherty,* 40 N.M. 439 [62 P.2d 810].

The plaintiffs urge, however, that the evidence in this case establishes an implied promise by the defendant to sue for the commission payable under its listing agreement with Rose; that, in refusing to sue, it breached this implied promise; and, therefore, they are entitled to recover. Actually, the pleadings in this case did not present an action for breach of an implied covenant to sue. The complaint alleges common counts for services rendered, and, in separately stated inconsistent causes of action, seeks to recover the reasonable value or the alleged agreed value therefor. There is neither a finding nor evidence in support of this implied promise contention. ■ The plaintiffs rely upon testimony respecting statements made by the defendant's representative to the effect that the defendant "could force a commission," would

"make an effort to collect the commission," and would "go after the commission pretty strong." At a glance it is apparent that none of these statements refer to the defendant's willingness to sue on its listing agreement in order to force payment of a commission. Moreover, these statements were made after the agreement between the plaintiffs and the defendant had been entered into, viz., on and after the occasion when the terms of the prospective buyer's proposed escrow were being considered. Furthermore, the meaning to be attributed to these statements was a matter for the trial court. (*Coutts* v. *Grant*, 184 Cal.App.2d 255, 257 [7 Cal.Rptr. 431].) They were part of a discussion between the defendant's representative, the plaintiffs, and the prospective buyer concerning the effort which the defendant would make to obtain approval of the proposed sale by its client Rose; the reference to a commission was incidental to the discussion at hand; and the evidence is subject to the interpretation that the statements in question did not constitute a representation to the plaintiffs.

The plaintiffs go further, however, and contend that the defendant's promise to sue for the commission is implied as a matter of law from the agreement to divide the commission. No authority is cited in support of this proposition. ■ It is a general rule that "in every contract there exists an implied covenant of good faith and fair dealing." (*Universal Sales Corp.* v. *California etc. Mfg. Co.*, 20 Cal.2d 751, 771 [128 P.2d 665].) However, there is no contention in this case that the defendant did not act in good faith and deal fairly with the plaintiffs. ■ Furthermore, any such contention would not be supported by the evidence. The defendant made an effort to collect the commission in question; made a written demand upon Rose for payment; had a conference with his attorney when payment was resisted; and entered into negotiations for settlement. ■ The exercise of good faith and fair dealing did not require the defendant to sue its client. The vicissitudes of a lawsuit, the expense involved, the collectibility of a judgment, the availability of a compromise offer, and the possibility that the net return from such an offer would exceed the net return from any judgment recovered, are factors about which a bona fide difference of opinion may exist. It would be unreasonable to conclude that the requirement of good faith imposed an obligation upon the defendant to sue for the commission in question. There is no basis in law for implying the existence of such a covenant.

To the contrary, courts in other jurisdictions have held that a procuring broker may recover under an agreement similar to the one in the case at bar only when the commission in question has been received by the listing broker and have indicated the absence of any duty upon the latter to bring suit to enforce collection. (*Sheketoff* v. *Prevedine, supra,* 133 Conn. 389 [51 A.2d 922]; *Giles* v. *Wilmott, supra,* 59 Fla. 271 [52 So. 287]; *McCann* v. *Sawyer, supra,* 59 Mo.App. 480; *Reagan* v. *Dougherty, supra,* 40 N.M. 439 [62 P.2d 810].

The plaintiffs' oft-repeated complaint, which they advance as an argument, is that the law as applied by the trial court leaves them "without a remedy after complete performance of the agreement upon their part." They fail to appreciate that the performance to which they refer constituted the rendition of services which were not compensable until a commission was paid to the defendant. In the ultimate, their complaint is directed to the lack of a remedy to recover on a cause of action that does not exist. This is the result of an agreement of their own choosing; it measures their right to recover; its terms bind them as well as the defendant; and the law may not add to those terms.

The judgment is affirmed.

Griffin, P. J., concurred.