[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of the sale of real estate situated at 437 Watertown Avenue, in the City of Waterbury, State of Connecticut (the "Property"). Pursuant to the terms of a Listing Agreement (the "Listing Agreement") entered among Lanosa's alleged agent, Domenic DiNunzio ("DiNunzio") and the sellers, Robert H. Ciarlo and Thomas P. Ciarlo, (the "Sellers), Lanosa agreed to find a willing buyer for the Property. Pursuant to the Listing Agreement, Lanosa located a buyer, Stewart Schloss, who purchased the Property from the Sellers. Despite Lanosa Realtors entitlement to the Commission, it has not been paid. See Affidavit of Frederick C. Lanosa ("Lanosa Affidavit") para. 7.
The plaintiff, Garamella, in Count One of his Complaint alleges that he entered into a "co-broke agreement with Lanosa," (the "Co-Broker Agreement") the terms of which require Lanosa to pay Garamella one half of the commission he was to receive pursuant to the Listing Agreement. See Plaintiff's Complaint para. 5. These are the only allegations made against Lanosa Realtors.
Garamella has also named as a defendant the Seller's attorney, Nicholas W. Rosa ("Rosa"). The First Count of Garamella's complaint against Rosa alleges recovery based on Rosa stopping payment on a check that was representative of monies which were owed as real estate commissions. The second count alleges liability based on Rosa's alleged breach of a fiduciary duty owed to Garamella, and the third count alleges a violation of the Connecticut Unfair Trade Practices Act.
Lanosa Realtors by way of cross-claim has alleged that Rosa has misappropriated monies which were due and owing to Lanosa as real estate commissions. Lanosa further alleges that Rosa's conduct in this regard amounts to a breach of an escrow agreement (the "Escrow Agreement") as well as an unfair and deceptive trade practice in violation of the Connecticut Unfair Trade Practices Act.
Lanosa has moved for summary judgment as against Garamella. The question posed by this motion asks whether the co-broke agreement, which is the basis of realtor Garamella's claim against realtor Lanosa, conditions the plaintiff's entitlement to his commission upon Lanosa's receipt of full payment from the sellers.
Defendant would have this court determine that in the absence of affidavit and/or deposition to the contrary, the co-broke agreement, as a matter of law, is subject to the same interpretation of that set forth in Sheketoff v. Prevedine,133 Conn. 389, 392 (1947). Following that case's holding, receipt CT Page 6988 of the commission by the defendant broker was a condition precedent to its liability to Garamella under the co-broke agreement. The defendant acknowledges that parties can contract any way they choose, but that the contract involved herein deserves the same interpretation as that from Sheketoff (wherein the word divide was used). Defendant maintains that use of the word "split" evokes the same meaning and thus condition precedent. He further argues that any other interpretation had not been spelled out in documentary evidence, as opposed to hypothetical, unsubstantiated legal argument.
Plaintiff argues first that receipt of the commission by defendant was not a condition precedent and secondly, that even if it were, said condition was waived by the defendant's failure to seek performance. In this case Lanosa's right to recover his commission from the seller depended on the validity of the listing agreement it drafted. The plaintiff argues that because said agreement was unenforceable, the defendant should be barred from relying on the inability to satisfy the condition precedent as a shield in this action.
Sheketoff v. Previdine, supra, remains good law and is even mirrored by custom in the business. See Selby v. Pelletier,1 Conn. App. 320, 326 (1983). And while intent of the parties can still be raised by the plaintiff as a question of fact, there has been no documentary evidence presented in connection with the opposition to this motion for summary judgment that would sufficiently raise it.
The question of estoppel, however, as stated in plaintiff's opposition to the motion for summary judgment has been sufficiently raised for this court to find an issue of material fact that would defeat the motion for summary judgment. "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact." Cummings Lockwood v. Gray, 26 Conn. App. 293, 297 (1991). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is and that: excludes any real doubt as to the existence of any genuine issue of material fact." Yanow v. Teal Industries, Inc., 178 Conn. 262, 268 (1979) (Emphasis added). The lack of authority by defendant for his argument that the plaintiff's failure to affirmatively plead estoppel in his complaint precludes consideration of it now is noticeable. Nor has anything been presented by the defendant that would warrant a finding by this court that plaintiff's excuse for nonsatisfaction of a condition precedent must be affirmatively pled in the complaint. Thus, even were collection of the commission by Lanosa a condition precedent as a matter of law, excuse for failure to satisfy it, or rather, estoppel against the defendants from raising such nonsatisfaction, is not CT Page 6989 something a plaintiff should be forced to plead in the affirmative.[1]
The defendant herein has raised the lack of satisfaction of this condition precedent in its first special defense, to which the plaintiff has filed a denial. Pursuant to Practice Book 171, the plaintiff denied the special defense which states. . .[b]ecause Lanosa Realtors has not received payment under the Listing Agreement, the plaintiff is not entitled to payment under the Co-Broker Agreement. Therefore, the plaintiff has denied that Lanosa's failure to receive his commission precludes payment pursuant to the co-broke agreement. That is sufficient and the plaintiff will not be precluded now from relying on Lanosa's own culpability as it relates to his inability to collect his commission as an issue of material fact in response to a motion for summary judgment. There is an issue of material fact as to whether the failure to satisfy a condition precedent should be excused.
KATZ, J.