[Civ. No. 8551. First Appellate District, Division One.—February 13, 1934.]

A. HIRSCHBERG, Respondent, v. M. L. ROSE et al., Appellants.

George D. Collins, Jr., for Appellants.

Young, Hudson & Rabinowitz for Respondent.

KNIGHT, J.—Plaintiff obtained judgment against defendants for $1200, and defendants appeal. The complaint contained two common counts, stated separately, the first. for money had and received and the second for money loaned. The answer consisted of denials of the allegations of the complaint; and on the issues of fact raised thereby the trial

court found in plaintiff's favor and entered judgment accordingly.

It appears that the controversy arose over the advancement by plaintiff to defendants of the sum of $1200 in connection with defendants' services in procuring a tenant for certain premises plaintiff was about to acquire. Insufficiency of the evidence to support the findings is urged as the main ground of appeal. The record discloses, however, that there is a sharp conflict of testimony on the controlling issues of fact in the case, and after having reviewed all of the evidence we are satisfied that the trial court's findings and judgment are supported thereby.

In this regard the evidence shows that in April, 1925, plaintiff was negotiating for the purchase of certain premises on the corner of Post and Fillmore Streets in San Francisco, and in contemplation of such purchase authorized the defendant Rose, of the defendant firm of M. L. Rose and Company, to procure a prospective lessee for said premises. It was understood that defendants should receive therefor the commission fixed for such services by the rules of the real estate board, which amounted to $1400. Pursuant to such authorization Rose procured a prospective tenant, who on April 16, 1925, signed a lease acceptable to plaintiff, and as a guarantee for the faithful performance of the terms of the lease deposited $5,000, which plaintiff placed to his credit in a special account in the bank. At the time he opened such account plaintiff introduced Rose to a Mr. Panario, one of the bank's executives, stating, among other things, that he desired to deposit also the sum of $1400 to be paid to Rose as a commission for procuring the lease when plaintiff acquired the property. Acting under these instructions, Panario drafted a letter to the bank, which plaintiff signed, directing the bank to pay the $1400 to defendants "upon our acquiring title to this property"; and continuing, the letter stated: "We expect to acquire title to the same on or before June 21, and will notify you at that time. In the event that we do not acquire title by July 1, we will reserve the right to withdraw this deposit." Rose read the letter and claims he stated at the time that it did not express his understanding of the agreement; nevertheless the wording of the letter was not altered, and a copy of it was delivered to Rose, which he

took away with him. Owing to a defect in the title to the property, consisting of an overlapping of boundaries, the purchase thereof by plaintiff was not consummated as contemplated in said letter. Meanwhile Rose became much in need of money to meet certain payments on a business transaction in which he was interested, and finally on May 19, 1925, plaintiff consented to advance to him $1200 with the understanding, so plaintiff claimed, that if he were unable to acquire the property as contemplated in said letter of April 16th, Rose would repay to him the sum thus advanced. Thereupon they proceeded to the bank, and after explaining the situation to Panario, plaintiff withdrew $1200 from the $1400 deposit and paid the same to Rose, who acknowledged receipt thereof at the end of the escrow letter of April 16th. Rose denied that any such understanding or agreement was had as a condition to the payment of the $1200. Plaintiff's testimony in this regard was strongly corroborated, however, by two other witnesses, a Mr. Loupe, who was plaintiff's business associate at the time this transaction took place and who protested against making such advancement to Rose at all, and Mr. Panario, who testified that at the time the $1200 was delivered to Rose plaintiff stated: ''You know, Mr. Rose, I have not yet acquired title to this property and if the deal does not go through you are to return my money''; and that Rose responded ''yes''. On account of the defective title plaintiff did not acquire the property by July 1st, and before that date arrived he was obliged to cancel the lease Rose had negotiated and return to the prospective lessee the $5,000 theretofore deposited, together with interest thereon; but Rose did not repay the $1200. Following the levy of an attachment on his property Rose agreed to give plaintiff his note for the amount, which plaintiff declined to accept. It is apparent that the foregoing testimony is legally sufficient to sustain the trial court's conclusion that, as claimed by plaintiff, the $1200 was advanced to Rose and accepted by him with the understanding that he would repay the same in the event plaintiff did not acquire title to the property before July 1st.

It further appears, however, that some time subsequent to July 1st, how much later not being disclosed by the evidence, plaintiff did acquire the property, and because of such fact defendants contend that their right to a commis-

sion became absolute; and that therefore they were entitled to retain the $1200 theretofore advanced to them. But in order to so hold it would be necessary to ignore entirely the contents of the escrow letter of April 16th, and the express understanding under which the trial court found on conflicting evidence the $1200 was advanced to defendants; and, of course, we have no right to disregard either.

Defendants cite numerous authorities in support of the general rule that a broker is entitled to his commission when he has procured a tenant who is acceptable, and negotiated with him a lease which is satisfactory, regardless of whether the lease ever becomes effective or whether title has yet vested. But obviously such rule has no application to a case such as we have here, where the rights of parties are controlled by a special contract and the payment of the commission is made dependent upon the happening of a condition which does not materialize.

Defendants further contend that the findings are self-contradictory because the trial court found in the affirmative on both counts. It is well settled, however, that a plaintiff may, as was done here, state his cause of action in as many common counts as he chooses to meet any possible phase of the evidence. (3 Cal. Jur. 394.) Therefore, since the evidence in the present case is legally sufficient in our opinion to support the findings on the first count, for money had and received, and those findings sustain the judgment, the point made by defendant against the consistency of the findings becomes unimportant in the determination of the appeal.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 15, 1934, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 13, 1934.