[Civ. No. 10011. Second Appellate District, Division Two.—April 29, 1935.]

W. I. HOLLINGSWORTH & CO. (a Corporation), Respondent, v. J. RICHARD HAAS et al., Appellants.

Robert H. Dunlap and George R. Larwill for Appellants.

W. C. Shelton and George W. Burch, Jr., for Respondent.

FRICKE, J., *pro tem.*—Defendants appeal from a judgment for $2,750 in an action to recover a real estate broker's commission.

Owning certain real estate in the city of Los Angeles and being desirous of disposing of the same, defendants called upon plaintiff and eventually a three-cornered deal was arranged by the latter whereby defendants received certain realty on Cahuenga Boulevard in the city of Los Angeles. Thereafter a mortgage on the Cahuenga property was foreclosed and the property was sold under the foreclosure decree. Included in the exchange agreement signed by defendants was the provision, "I hereby agree to pay my said agent immediately the regular Los Angeles Realty Board commission for his services". Defendants also signed a letter on June 10, 1931, constituting the agreement upon which this action is based, the provisions of which, as essential to a determination of the question before us, are: "In consideration of your services rendered in negotiating

an exchange of my property [on] . . . Ninth street for the property [on] . . . Cahuenga Boulevard . . . we agree to pay you upon the resale, exchange or transfer of the property we are acquiring . . . the regular Los Angeles Realty Board commission on the value of [my Ninth street] property based upon the amount represented by the $60,000 mortgage thereon, plus the consideration which I receive from the equity in the Cahuenga boulevard . . . property.

"Provided, however, that in any event the commission which we hereby agree to pay . . . shall not be less than $2750.00."

Appellants contend that no commission whatever was due except upon the resale, exchange or transfer of the Cahuenga Boulevard property, and that the foreclosure and sale of that property under a first mortgage was not a "transfer" within the meaning of that word as used in the agreement.

■ It will be noted that while the realty board rate of commission is specified in the first paragraph of the agreement, the amount of the commission therein provided for is not fixed but is to be based upon the sum of $60,000 *plus* whatever further sums appellants might receive from the equity in the Cahuenga Boulevard property. It is the commission thus calculated which under the terms of this paragraph is to be paid "upon the resale, exchange or transfer" of the property. Respondent's cause of action is based, not upon the first but upon the second paragraph of the agreement, in which appellants agreed to pay in any event a commission not less than $2,750. The use of the language "not less than" directly negatives and precludes a construction of this paragraph as a provision for the payment of a commission of $2,750, whether the property in question be transferred or not, and amounts merely to a proviso that the commission provided for in the first paragraph, when it becomes due, shall be at least $2,750.

■ Appellants further contend that no transfer, upon which the commission became due, ever occurred. "Transfer is an act of the parties or of the law by which the title to property is conveyed from one living person to another." (Civ. Code, sec. 1039.) The object and result of a foreclosure and sale of the property thereunder is a transfer "by law" to the purchaser under the decree of the prop-

522

erty involved. (*Hoppe* v. *Hoppe*, 104 Cal. 94, 102 [37 Pac. 894]; *Reynolds* v. *London etc. Co.*, 128 Cal. 16, 20 [60 Pac. 467, 79 Am. St. Rep. 17]; *McNutt* v. *Nuevo Land Co.*, 167 Cal. 459, 464 [140 Pac. 6].) Under the agreement, therefore, respondent upon such transfer became entitled to its commission.

■ It is contended, however, that the word "transfer" in this instance does not include the transfer by foreclosure, and that this is shown by the practical construction of the agreement by the acts and declarations of the parties. Even if we concede the admissibility of the oral evidence on this subject, we find merely a conflict of evidence and, there being evidence to support the findings of the trial court, no basis for a reversal upon this point exists.

■ The complaint having pleaded the agreement for payment of commission of June 10th, that agreement and its breach having been established by the evidence, and the judgment being based upon that agreement, appellants' claim that there was a fatal variance between pleading and proof is not sustained.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 25, 1935.