[Civ. No. 4487.    Fourth Dist.    Jan. 12, 1953.]

HOWARD DALE, Appellant, v. KATHERINE RAINES et al., Respondents.

Marshall Beach for Appellant.

William Crum and Thomas N. Butterworth for Respondents.

MUSSELL, J.—Plaintiff, a real estate broker, appeals from a judgment for the defendants in an action to recover a commission for the sale of real property in Orange County.

On July 28, 1950, defendant Katherine Raines signed a general listing agreement, authorizing plaintiff to sell the property described as "102 Del Mar, San Clemente, for cash or terms, $28,500." On August 7, 1950, plaintiff obtained a purchaser (Opal F. Cole) who offered to buy the property for $27,500, with terms of $7,500 cash.   Escrow instructions

were prepared by the Coast Escrow Company from information furnished by plaintiff Dale and defendant Katherine Raines. These instructions contained the terms of the sale and a provision for the payment of 5 per cent commission to plaintiff Dale. On July 7, 1950, defendant Raines obtained a preliminary title report showing title to the property then in George D. Finch, subject, among other things, to the effect of deeds from Finch to Raines and Finch to Huber, both deeds having been executed by Raines under power of attorney from Finch. It was stated in the report that by virtue of the last mentioned deed the title had since passed to and was now vested in Joseph E. Huber. Defendant Raines discussed this condition of title with the escrow holder and told him that her lawyer had requested her to have a contingency clause in the escrow instructions. Accordingly, the following provision was embodied therein: "Completion of this transaction is contingent upon sellers ability to perfect title and close escrow by August 30, 1950." The escrow agreement was then signed by Huber in the presence of defendant Raines and at her request and by the purchaser Opal Cole. The copies of the escrow instructions in evidence apparently were not signed by plaintiff. However, he testified that he signed the escrow instructions and there is testimony that he prepared and delivered written instructions to Mr. Anderson (the escrow agent), which instructions contain a provision that the "escrow must be closed by August 30th." The title to the property was not cleared on August 30th and the escrow was not closed. On September 21, 1950, defendants gave notice of cancellation of the escrow and this action was filed on March 5, 1951.

Appellant argues that under the circumstances shown by the record he was entitled to recover a commission since he had a valid listing agreement and within the life of that agreement, had obtained a purchaser ready, willing and able to purchase on terms acceptable to the sellors, and a valid and binding agreement to purchase and sell had been executed. However, the contract to purchase and sell was expressly made contingent upon the closing of the escrow by August 30, 1950, and the seller's ability to perfect title by that date.

■ As was said in *Denbo* v. *Weston Inv. Co.*, 112 Cal. App.2d 153, 157 [245 P.2d 650]:

"The right of a broker to recover his commission must be measured primarily by the terms of his employment (*Peterson* v. *Montgomery Holding Co.*, 89 Cal.App.2d 890, 893, 894

[202 P.2d 365].) ▇ The broker may, by special agreement, make his compensation depend upon a contingency or the happening of a condition precedent, and unless such contingency occurs, he has no right of recovery. (*Peterson* v. *Montgomery Holding Co., supra*; *Leventritt* v. *Cowell,* 21 Cal.App. 597 [132 P. 627]; *McGill* v. *Fleming,* 32 Cal.App.2d 601 [90 P.2d 341]; *Hirschberg* v. *Rose,* 136 Cal.App. 653 [29 P.2d 785]; *Edgecomb* v. *Callahan,* 132 Cal.App. 248 [22 P.2d 521]; *Hollingsworth (W. I.) & Co.* v. *Haas,* 6 Cal.App. 2d 519 [45 P.2d 360].)''

▇ The record shows that plaintiff, who had a general listing for the property involved, procured a purchaser who made an offer at a price less than that quoted in the listing. Defendant Raines was not required to accept this counteroffer. She did, however, by escrow instructions, set forth the terms upon which the counteroffer would be accepted and a commission paid. This transaction was made dependent upon the happening of a condition. The instructions became a special contract between the parties, which contract was approved by plaintiff. Under the circumstances shown, plaintiff's claim for commission must be based upon the escrow instructions and where, as here, his commission is dependent upon an unfulfilled condition, he cannot recover. (*Wilson* v. *Security-First Nat. Bank,* 84 Cal.App.2d 427, 433 [190 P.2d 975].)

In the fourth count of the complaint plaintiff alleges that by reason of misrepresentations made by defendant Raines that she was the owner of the property involved, plaintiff was damaged in the sum of $1,375. However, the record does not contain evidence of any such representations as to the ownership of the property, or otherwise, and plaintiff failed to prove fraud.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.