In re Robert Walter SCANLON fdba Century 21 Sundance Realty, and Judy Belinda Scanlon, Debtors.

Martin GOLDBERG, Trustee, Plaintiff,

v.

Robert Walter SCANLON, fdba Century 21 Sundance Realty, and Judy Belinda Scanlon, Defendants.

Bankruptcy Nos. 80–01615–K, C80–0423–K.

United States Bankruptcy Court, S. D. California.

April 6, 1981.

Philip J. Giacinti, Jr., San Diego, Cal., Trustee, in pro per.

James McCafferty, San Diego, Cal., for debtors.

## MEMORANDUM OF OPINION RE: PROPERTY OF THE ESTATE

HERBERT KATZ, Bankruptcy Judge.

On June 16, 1980, Robert Walter Scanlon, fdba Century 21 Sundance Realty, and Judy Belinda Scanlon filed a petition for order for relief under Chapter 7 of the Code. On September 23, 1980 Martin Goldberg filed a complaint to deny discharge and recover non-exempt property of the debtors' estate. On February 4, 1981 the trustee filed a motion for judgment on the pleadings on the issue of turnover of property.

The uncontroverted facts show that Robert Scanlon entered into a real estate purchase contract as an employee of the seller, Featheringill Mortuary, on May 1, 1980. The contract provided for the sale of real property and a six percent sales commission to be split between the debtor and Van Schaack & Co. upon the happening of certain enumerated conditions. The debtors filed bankruptcy on June 16, 1980 and thereafter on June 27, 1980 Robert Scanlon received some $12,600 in commissions pursuant to the sale of the property.

The sole legal question to be answered is whether or not the $12,600 commission is property of the estate.

The trustee argues that under 11 U.S.C. § 541 all contract rights of the debtor become property of the estate. Under California law a real estate sales commission is earned when the agent produces a ready, willing, and able buyer. *See Higson v. Montgomery Ward and Co.*, 263 Cal.App.2d 333, 69 Cal.Rptr. 497 (1968). Since a ready, willing, and able buyer was produced on May 1, 1980 the right to receive the commission vested prior to the filing of the bankruptcy. Therefore the commission is property of the estate.

The debtor argues persuasively that the right to the commission in this case does not arise out of a listing agreement but instead arises from the four corners of the sales contract. The contract provides that the broker will receive a commission, payable "(a) on the recordation of the deed or other evidence of title, or (b) if completion of sale is prevented by default of Seller, upon Seller's default or (c) if completion of sale is prevented by default of Buyer, or if and when Seller collects damages from Buyer, by suit or otherwise and then in an amount not less than one-half of the damages recovered, but not to exceed the above fee, after first deducting title and escrow expenses and the expenses of collection." At the time the bankruptcy was filed the right to receive the commission had not accrued because all of the contingencies had not occurred. Since the right to receive the commission occurred after the filing of the bankruptcy the commission is not property of the estate.

Under California law the right to receive compensation for the sale of real estate must be found within the four corners of the employment contract. *Blank v. Borden*, 11 Cal.3d 963, 115 Cal.Rptr. 31, 524 P.2d 127 (1974). The broker may, by special agreement, make his compensation depend upon a contingency or the happening of a condition precedent, and unless such contingency occurs, he has no right to recovery. *Dale v. Raines*, 115 Cal.App.2d 309, 252 P.2d 22 (1953). In the present case the deed was recorded on June 17, 1980. Therefore it appears that the debtors right to receive the full commission was not finalized until eleven days after the bankruptcy was filed. Section 541(a)(6) of the Code (11 U.S.C. § 541(a)(6) provides that property of the estate does not consist of earnings from services performed by an individual debtor after the commencement of the case. At this juncture it would seem that the debtor did not earn the commission until after the filing of the petition and the commission would not be property of the estate. How-

ever, a deeper understanding of the nature of a vested contract for commissions persuades the court to reach an opposite result.

■ Section 541(a)(1) provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." A case is commenced upon the filing of a petition under §§ 301, 302 or 303. The scope of § 541(a)(1) is broad. It includes all kinds of property, wherever located, tangible or intangible, causes of action and all other forms of property currently specified in section 70(a) of the Bankruptcy Act (11 U.S.C. § 110(a)). House Report No. 95–595, 95th Cong. 1st Sess. (1977), pp. 367–368, U.S.Code Cong. & Admin.News 1978, p. 5787.

Under the Bankruptcy Act, an uncompleted contract between the debtor and another for personal services did not pass to the estate. 4 Collier on Bankruptcy ¶ 541.09 (15th ed. 1980). This basic concept is carried forward into the Code through the operation of §§ 541(a)(6) and 365. Section 541(a)(6) excludes from property of the state, wages earned after the commencement of the case by an individual debtor. Under § 365 the trustee may not assume or assign an executory contract which excuses a party, other than the debtor, from accepting performance from such assignee. In other words a personal service contract. Clearly, if the debtor had merely entered into the sales contract but had yet to perform, the rights under the personal service contract would not be property which could be assumed or assigned by the trustee. However, in the present case the facts indicate that although contingencies to the payment of the commission remained, the debtor had performed his part of the contract completely.

Under the Act the law was that once a personal service contract had been completely performed the contract became a chose in action that passed to the estate. 4 Collier on Bankruptcy ¶ 541.09[3] (15 ed. 1980). The principal reason for such a result is that the right to receive payment under the contract was now assignable.

*See Hudson v. Wylie*, 242 F.2d 435 (9th Cir. 1957), *cert. denied*, 355 U.S. 828, 78 S.Ct. 39, 2 L.Ed.2d 41 (1957). In *Hudson, supra*, the court held that a claim for wages is assignable when the contract right is coupled with an interest. The interest transforms the contract from a mere possibility into one in which the party has vested rights. A contract for wages is coupled with an interest when the employment already exists. *See Hudson v. Wylie*, supra at 443.

In *Florence v. Kresge*, 93 F.2d 784 (4th Cir. 1938) the debtor was entitled to a 20 percent payment out of profit derived from subleasing property. The services which he, as agent, was to render under the contract had already been performed at the time the bankruptcy was filed. The court held that once the contract becomes a right not coupled with any personal obligation or confidence, it is assignable and passes to the trustee. *Florence v. Kresge*, supra, at 787: *See also, In re Goodson*, 208 F.Supp. 837 (D.C.Cal.1962) (California has adopted a broad view of the enforceability of assignments).

■ Under the Code § 541(a)(1) has eliminated the requirement of Section 70(a) of the Act (11 U.S.C. § 110(a)) that property must be transferable before it can be property of the estate. However, when a right under a contract is assignable it can be used, assumed or assigned for the benefit of the estate. 11 U.S.C. § 365. Therefore, where a personal service contract has been fully performed by the debtor, the accrued right of the debtor becomes property of the estate and may be used, assumed or assigned by the trustee.

■ In applying the law to the present case it is clear that a contract right coupled with an interest became property of the estate on the day the petition was filed. The vested right of the trustee became one of three actions: 1) An action for one half of a six percent sales commission upon the recordation of the deed or other evidence of title, 2) A right to proceed against the Seller should he fail to perform under the contract; and 3) An action against the Seller if

the Seller collects damages from the Buyer as a result of Buyers' non-performance. While it is true that the trustee may have never received any money because of failure of a precedent condition, this contingency would only be a factor in determining the present value of the right for assignment purposes.

In the present case the interest of the trustee in the contract ripened before he had a chance to assign it. Since the trustee held the right to receive the commission when and if it was to be paid, he now is entitled to the full $12,600 as property of the estate.

■ While this decision may fly in the face of California cases which have determined if a real estate commission has been "earned," it is consistent with the law of assignability of contracts and the purposes of bankruptcy. When a debtor has fully completed performance under an employment agreement prior to bankruptcy, the question is not whether a wage has technically been "earned," but rather what rights has the debtor ascended to at the time the petition was filed? Where the right to receive wages in the future is coupled with an interest at the time the petition is filed, it is clear that the right to those wages belongs to the trustee. Therefore the trustee's motion for judgment on the pleadings on the issue of turnover will be granted and the debtor shall turn over all commissions received under the real estate sales contract herein.

Pursuant to FRCP 52 this opinion shall constitute findings of fact and conclusions of law herein. Counsel for the trustee shall prepare and file an order in accordance herewith within ten (10) days.