In re Joseph C. ZAHNEIS, Debtor.

James C. CISSELL, Trustee, Plaintiff,

v.

Joseph C. ZAHNEIS, Defendant.

Bankruptcy No. 1–86–02090.
Adv. No. 1–87–0045.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 17, 1987.

Paul Komarek, Cincinnati, Ohio, for plaintiff.

M. Joseph Kisor, Cincinnati, Ohio, for defendant.

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff in this adversary proceeding is the trustee in the related bankruptcy case. Defendant is the debtor in that case. This is a core proceeding pursuant to 28 U.S.C. § 157 (a)(2). In his complaint, plaintiff seeks a turnover of certain real estate commissions earned by defendant, contending that they are property of the estate within the meaning of 11 U.S.C. § 541. Defendant contests the right of plaintiff to such funds.

Pursuant to procedure agreed upon at a pretrial conference, the parties have submitted the case for decision on a stipulation of facts and memoranda.

The stipulation filed by the parties (Doc. # 8) constitutes the entire record upon which we reach decision. The facts are the following. Defendant filed his bankruptcy petition on June 24, 1986. He is a self-employed real estate agent. He had a contract with Coldwell Banker Realty pursuant to which he became entitled to real estate commissions on properties listed for that firm and sold for that firm, provided that the relationship between defendant and that firm remained in effect at the time the sale of the real estate (listed and sold) closes. Defendant was due $6,943.97 under this arrangement from sales of real estate listed and sold prior to the date of the bankruptcy filing, but closed after that date. There is no dispute by defendant that this sum is property of the bankruptcy estate which should have been turned over to plaintiff. The controversy here relates to $3,201.25 received by defendant as commission from properties sold after the filing date of the bankruptcy, but listed prior thereto. In sum, defendant does not dispute that commissions received on transactions where property was both listed and sold prior to the date of bankruptcy filing, but does contest plaintiff's entitlement to commissions received where property was listed prior to bankruptcy filing, but the sale occurred only after such date.

The starting point here is that, pursuant to 11 U.S.C. § 541(a)(1), the bankruptcy estate which came under the control of plaintiff/trustee included an equitable interest in property, albeit contingent, by way of properties which defendant had caused to be listed with Coldwell Banker.

This was an equitable right pursuant to the contract between defendant and Coldwell Banker. That the bankruptcy estate extended to this equitable interest of the debtor, however, does not settle the present controversy because the present controversy is not centered on that equitable interest. It involves instead monies paid post-petition to the defendant which are proceeds of that equitable interest. Whether the plaintiff is entitled to recover such proceeds from defendant turns on an application of another provision of the statute, 11 U.S.C. § 541(a)(6):

**§ 541. Property of the estate**

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

\* \* \* \* \* \*

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

We must consider whether or not the monies here in controversy are from "services performed ... after the commencement of the case."

An excellent summary of the law and cases here in point may be found in *In re Sloan*, 32 B.R. 607, 611 (Bankr.E.D.N.Y. 1983) where the court said:

\* \* \* \* \* \*

The decisive factor in determining whether post-petition income of the debtor will be deemed property of the estate is whether that income accrues from post-petition services of the debtor. Section 541(a)(6) excludes from the bankruptcy estate "earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6) (emphasis supplied). Where a debtor derives post-petition commissions under a pre-petition contract, and such commissions are dependent upon the continued services of the debtor, they do not constitute property of the estate. *In re Kervin*, 19 B.R. 190 (Bkrtcy.S.D.Ala.1982); *In re Selner*, 18

B.R. 420 (Bkrtcy.S.D.Fla.1982). Where, however, the debtor essentially fulfills all his obligations prior to the filing of his petition, the post-petition commissions accruing therefrom will be deemed property of the estate. *In re Semel*, 411 F.2d 195 (3d Cir.). *cert. denied*, 396 U.S. 905, 90 S.Ct. 220, 24 L.Ed.2d 181 (1969); *Mutual Trust Life Ins. Co. v. Wemyss*, 309 F.Supp. 1221 (D.Me.1970); *In re Scanlon*, [10 B.R. 245 (Bkrtcy.S.D.Cal. 1981)], *supra; In re Parker*, 9 B.R. 447, 7 B.C.D. 456 (Bkrtcy.M.D.Ga.1981); *In re Marshburn*, 5 B.R. 711, 2 C.B.C.2d 1089, 6 B.C.D. 922 (Bkrtcy.D.Colo.1980); see *In re Wright*, 157 F. 544 (2d Cir.1907). In other words, the debtor's income passes to the trustee as property of the estate if all the acts of the debtor necessary to earn it are rooted in the pre-bankruptcy past. *Segal v. Rochelle, supra*, 382 U.S. [375] at 380, 86 S.Ct. [511] at 515 [15 L.Ed.2d 428 (1966)].

\* \* \* \* \* \*

Applying the foregoing to the case before us, we have reached the conclusion that the $3,201.25 commission is not property of the estate. We are, of course, limited to the skeletal facts depicted in the stipulation agreed to by the parties. From that, we find that the commissions in question are attributable to property as to which only listing had occurred prior to the date the bankruptcy petition was filed. A first factor significant in leading us to reach the conclusion that we do is that, as indicated in the review of the law from *Sloan*, the ultimate payment of commission was dependent upon a continuance of the contractual relationship between defendant and Coldwell Banker at the time of the real estate closing. A second factor supporting our conclusion is that it is fairly inferable from the stipulation of fact that the sales for which the commissions in question were paid were brought about by the efforts of defendant. Furthermore, from the stipulated fact that the sale or sales giving rise to the payment of the commissions in question occurred post-petition, we find it fair to infer that the efforts to bring about those sales occurred post-petition. Under

this fact scenario, we reach the conclusion that the acts of the defendant necessary to earn the commission are *not* "rooted in the pre-bankruptcy past". Instead, we find that the payment of commissions here in controversy "is sufficiently rooted in post-petition events so as to constitute after acquired property" which is not property of the estate. *In re Selner*, 18 B.R. 420, 421 (Bankr.S.D.Fla.1982). See also, *In re Palmer*, 57 B.R. 332 (Bankr.W.D.Va.1986).

Accordingly, we hold that plaintiff is not entitled to the $3,201.25 in commission here in controversy. Plaintiff will recover the $6,943.97 in accordance with the stipulation of the parties.